

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6717 | **DATE** | 4/3/2003 |
| **CASE TITLE** | Mary Giles vs. First Franklin Financial Corp. etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order We direct the parties to follow the requirements of L.R.54.3; plaintiff shall resubmit her prove-up by May 23, 2003, to address the matters raised here; New Look shall respond by May 7, 2003; and plaintiff shall reply by May 14, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | | | |
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | APR 04 200 | | | 35 |
| | Notified counsel by telephone. | | date docketed | | | |
| ✓ | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | | |
| | Copy to judge/magistrate judge. | CLERK | | | | |
| WAH | courtroom deputy's initials | 03 APR -3 PM 2: 46 | date mailed notice | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARY GILES,                                )
                                           )
       Plaintiff,                  )
                                           )
    vs.                                )  No. 01 C 6717
                                           )
FIRST FRANKLIN FINANCIAL CORPORATION;      )
NEW LOOK HOME SERVICES, INC.; and          )
ALTEGRA CREDIT COMPANY,                     )
                                           )
       Defendants.                 )

**DOCKETED**

APR 0 4 2003

## MEMORANDUM OPINION AND ORDER

    This case arises from a rather modest home repair contract. Plaintiff wanted her roof resurfaced and some painting done. She contracted with New Look Home Services, Inc. (New Look) to have the work done for $18,000 and paid New Look $17,000. The $17,000 came from a refinancing in the amount of $33,000. The refinancing led to claims against other parties based on the Truth in Lending Act and other theories. Those claims were later settled.

    New Look did the work, allegedly including some additional electrical repairs, but plaintiff claimed it did so in a substandard fashion, which led to Illinois Consumer Fraud Act and breach of contract claims. According to plaintiff's inspector, the roof repairs and painting should have cost $5,200 and have to be done over. He also concluded that electrical repairs following the botched job would cost $5,000. We are not advised what the repairs, if done correctly by New Look, would have cost, nor what price the parties agreed upon, if they did, for that work.

    That aspect of the case looks like a simple breach of contract case, unless the charges

to the elderly homeowner amounted to an egregious overreaching amounting to fraud. But the claim against New Look had a troubled history. New Look was served September 17, 2001. It finally appeared November 13, 2001, after a default motion had been filed, and answered on December 3, 2001. Then it failed to comply with discovery requests and its counsel failed to show up at status conferences. On August 1, 2002, after a prior compliance order had been ignored, we directed New Look to comply by September 3, 2002, and have its attorney at the status on that date or we would strike its answer. New Look did neither, and we struck the answer. We ultimately entered a default and set the matter for a proveup.

Plaintiff seeks $122,201.83. She wants the return of the $17,000 plus the $10,200 necessary to complete the repairs, a total of $27,200 in compensatory damages. She also seeks to treble that amount in punitive damages of $81,600, together with $11,087.30 in attorney's fees and $2,314.53 in costs. New Look represents that it did no electrical work. This really is a contract dispute, and the attorney's fees are too much.

The problem with defendant's contentions, in part, is that its answer was stricken. Thus we have no disagreement with the complaint allegations that New Look intended to swindle her and that it performed defective electrical work. A failure by a home renovator to defend forecloses that defendant from contending that some punitive damages should not be awarded. Borcherding v. Anderson Remodeling Co., 191 Ill.Dec. 699, 624 N.E.2d 887 (Ill.App. 2nd Dist. 1993). The amount, if any, is within the sound discretion of the court. There seems to be, moreover, no dispute that this court has discretion to award fees and costs. See 815 ILCS 505/10a.

But that is not the end of the matter. The only estimate of what it should have cost to

repair the roof and do the painting is the inspection report. We have no evidence of what the reasonable cost of the electrical work would have been when New Look undertook to do it. If the roof work and painting should have cost $5,200, then plaintiff is entitled to recover $11,800 from the $17,000 paid, not $17,000. We have no idea what she should have paid for electrical work the plaintiff alleges needed to be done. Further, there is no suggestion that the parties followed the requirements of L.R. 54.3. Defendant thinks it is being tagged for fees relating to the claims against other parties. Plaintiff insists that is not so. Without compliance with L.R. 54.3 we are in no position to say. Further, we are asked to assess $2,314.53 in costs, which include in excess of $1,200 in copying costs, this in a case in which New Look's answer was stricken because it failed to comply with discovery. We think plaintiff charged 25 cents per page, which is 15 cents too high. Tirapelli v. Advanced Equities, Inc., 2002 WL 31473826 (N.D. Ill), and we are at a loss to understand why plaintiff needed to copy over 4800 pages with respect to this virtually undefended claim not involving a significant paper trail. That makes the other costs suspect as well. Again, a L.R 54.3 review may help.

We direct the parties to follow the requirements of L.R. 54.3; plaintiff shall resubmit her proveup by May 23, 2000, to address the matters raised here; New Look shall respond by May 7, 2003; and plaintiff shall reply by May 14, 2003.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 3 , 2003.